UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW HARVEST CHRISTIAN FELLOWSHIP,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SALINAS,<br><br>Defendant. | Case No. 19-cv-00334-SVK<br><br>**ORDER IN PREPARATION FOR ORAL ARGUMENT ON MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 28, 35 |

To assist the parties in preparing for oral argument on the motions for summary judgment (Dkt. 28, 35), the Court provides the following tentative rulings and questions the parties should be prepared to address.

**I. Tentative Rulings**

    A.    All evidentiary objections are overruled.

    B.    Plaintiff's Request for Judicial Notice (Dkt. 41) is granted.

**II. Preliminary Findings of Fact and Conclusions of Law**

    A.    Plaintiff bears the burden of persuasion as to whether the City zoning ordinance, or the City's application of that ordinance to Plaintiff, "substantially burdens" Plaintiff's exercise of religion. *San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004). Even if Plaintiff establishes a *prima facie* case of violation of RLUIPA such that the burden shifts to the government, the burden of establishing "substantial burden" remains with Plaintiff. *Centro Familiar Cristiano Buenas Nuevas v. City of Yuma*, 651 F.3d 1163, 1171 (9th Cir. 2011) (citing 42 U.S.C. § 2000cc-2(b)).

B.  If Plaintiff establishes a *prima facie* violation of RLUIPA's "equal terms" provision — (1) imposition of a land use regulation; (2) by the government; (3) on religious assembly; (4) on less than equal terms with a nonreligious assembly — the burden of persuasion shifts to the government on all elements. *Corp. of the Catholic Archbishop of Seattle v. City of Seattle*, 28 F. Supp. 3d 1163, 1167 (W.D. Wash. 2014) (citing *Centro Familiar*, 651 F.3d at 1171).

    1.  Section 37-40.310(a)(2), (3) does not, on its face, establish a *prima facie* violation of RLUIPA.

**III. In oral argument, the Court would like the parties to address the following:**

A.  The Court must first find that the disputed regulation creates a "substantial burden" before reaching the question of "compelling interest." Three key factors in determining "substantial burden" are (1) feasible alternative; (2) uncertainty, delay, expense; and (3) Plaintiff's own actions. *See Int'l Church of the Foursquare Gospel v. City of San Leandro*, 673 F.3d 1059, 1068 (9th Cir. 2011); *Spirit of Aloha Temple v. County of Maui*, 322 F. Supp. 3d 1051, 1065 (D. Hawai'i 2018) (citing *Livingston Christian Schools v. Genoa Charter Township*, 858 F.3d 996, 1004 (6th Cir. 2017)). Considering these factors, the Court would like the parties to address the following:

    1.  At this stage, it appears to be undisputed that the Church's current location is not a feasible alternative. Looking at other sites, both parties submit evidence in the form of declarations regarding the availability of alternatives. How should the Court evaluate this evidence?

    2.  As for factors (2) and (3), how does the fact that the Church purchased the property with knowledge of the zoning limitation impact the substantial burden analysis?

B. On "equal terms," the Court views the key inquiry to be as set forth in *Centro Familiar*: the City violates the equal terms provision only when a church is treated on less than equal basis with a secular comparator, similarly situated with respect to accepted zoning criteria. *See Centro Familiar*, 651 F.3d at 1172 (citing *River of Life Kingdom Ministries v. Village of Hazel Crest*, 611 F.3d 367, 373 (7th Cir. 2010) (en banc)). Thus, a key issue in the Court's view is whether weekend theater uses, such as the Ariel Theatre, and weekend church uses are similarly situated with respect to the "vibrant downtown" plan. The Court would like the parties to address the evidence before the Court in making this determination.

**SO ORDERED.**

Dated: April 8, 2020

*[signature: Susan van Keulen]*

SUSAN VAN KEULEN
United States Magistrate Judge